Kyser, Appellant, *v.* Board of Elections of Cuyahoga County et al., Appellees.

[Cite as Kyser v. Bd. of Elections (1972), 33 Ohio App. 2d 52.]

(No. 31490—Decided November 15, 1972.)

*Mr. Clarence D. Rogers,* for appellant.
*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. John L. Dowling,* for appellees.

MANOS, J. This is an appeal from an order of the Comon Pleas Court of Cuyahoga County affirming a decision of the County Board of Elections which denied the plaintiff-appellant his right to vote.

In his petition the plaintiff-appellant makes the following statement of facts which the defendant-appellee does not contest.

The plaintiff has worked at a steady job in Cleveland for the past eight years. Since November of 1970 he has been living in the city of Cleveland in a Dodge Explorer motor unit, a vehicle equipped with its own locomotion and providing living facilities for six people. The plaintiff does not keep his vehicle at fixed place for any length of time, but spends his nights parked on numerous roads and in the several parks situated in the Cleveland area. The plaintiff maintains no other residence and collects his mail at a postal box.

In July of 1971 the plaintiff attempted to register to

54

vote at the County Board of Elections. The Board of Elections refused to accept his registration because he had not established a permanent residence in a precinct 40[1] days before an election as then required by R. C. 3503.01. The plaintiff thereafter brought an action against the Board alleging that the statute as applied to him violates his rights under the 14th Amendment by denying him equal protection of the laws and abridging his right to travel. The Common Pleas Court, rejecting this contention, affirmed the decision of the board.

After a careful review of the record and the statutes in issue, we find that the Board of Elections and the Common Pleas Court erred in denying the plaintiff his right to vote and hold that the plaintiff may vote in the precinct from which he was last qualified to register under the provisions of Chapter 3503 of the Ohio Revised Code.

## I.

R. C. 3503.01 and 3503.02 specify both the manner by which the right to vote in a precinct is acquired and how the right, once acquired, is lost.[2] To become an elector in

---

[1] R. C. 3503.01 was amended March 23, 1972, to require 30 days residence in a precinct before an election.

[2] 3503.01 *Age and residence qualifications.*

"Every citizen of the United States who is of the age of eighteen years or over and who has been a resident of the state six months, of the county thirty days, and of the voting precinct thirty days next preceding the election at which he offers to vote has the qualifications of an elector and may vote at all elections, provided that any qualified elector who in good faith moves his residence from one county to another county or from one precinct to another precinct in the same county at any time subsequent to the thirtieth day preceding an election may vote at such election in the precinct from which he moved wherein his voting residence had been legally established. In any precinct where registration is required, electors who have moved from one residence to another residence within the same precinct shall be permitted to vote and the election officials shall note the change of address on the proper forms."

3503.02 *Rules for determining residence.*

"All registrars and judges of elections, in determining the residence of a person offering to register or vote, shall be governed by the following rules:

"(A) That place shall be considered the residence of a person in

a precinct in Ohio, a person must be eighteen years of age or over and have been a resident of the state six months, the county thirty days and the voting precinct thirty days next preceding the election at which he offers to vote (R. C. 3503.01). Once a person acquires the status of an elector in a given precinct, that status is lost only if the person (1) becomes an elector in another precinct in the same county or another county of the state by establishing a permanent residence in that precinct thirty days next preceeding an election [R. C. 3503.01];³ or (2) removes to another state with the intention of making such state his residence

which his habitation is fixed and to which, whenever he is absent, he has the intention of returning.

"(B) A person shall not be considered to have lost his residence who leaves his home and goes into another state or county of this state, for temporary purposes only, with the intention of returning.

"(C) A person shall not be considered to have gained a residence in any county of this state into which he comes for temporary purposes only, without the intention of making such county his permanent place of abode.

"(D) The place where the family of a married man or woman resides shall be considered to be his or her place of residence; except that when the husband and wife have separated and live apart, the place where he or she resides the length of time required to entitle a person to vote shall be considered to be his or her place of residence.

"(E) If a person removes to another state with the intention of making such state his residence, he shall be considered to have lost his residence in this state.

"(F) If a person removes to another state with the intention of remaining there an indefinite time and making such state his place of residence, he shall be considered to have lost his residence in this state, notwithstanding the fact that he may entertain an intention to return at some future period.

"(G) If a person removes out of the county to engage in the services of the United States Government, he shall not be considered to have lost his residence in this state during the period of such service, and likewise should he enter the employment of the state, the place where such person resided at the time of his removal shall be considered to be his place of residence.

"(H) If a person goes into another state and while there exercises the right of a citizen by voting, he shall be considered to have lost his residence in this state."

³R. C. 3503.01 requires an Ohio elector to vote in the precinct in which he has a permanent residence thirty days preceding an election.

[R. C. 3503.02 (E)]; or (3) removes to another state with the intention of remaining there an indefinite time and making such state his place of residence, notwithstanding the fact that he may entertain an intention to return at some future period [R. C. 3503.02 (G)]; or (4) goes into another state and while there exercises the right of a citizen by voting [R. C. 3503.02 (H)].

The plaintiff in this case testified that prior to buying a mobile unit he had a permanent residence in the city of Cleveland and voted in the precinct in which that residence was located. It is clear that the plaintiff, though presently a transient, has not lost his right to vote in his old precinct under any of the aforementioned provisions of the Code. He has never established a new permanent voting residence in another precinct which would cause him to forfeit his right to vote in his former precinct under R. C. 3503.01; nor has he removed to any other state or voted in any other state and accordingly does not fall within any of the provisions of R. C. 3503.02 which specify how a voting residence, once established in a precinct, is lost.

## II.

The right to vote is a fundamental right and can only be denied when a compelling reason for doing so is demonstrated. *Yick Wo* v. *Hopkins,* 118 U. S. 356; *Wesberry* v. *Sanders,* 376 U. S. 1; *Reynolds* v. *Sims,* 377 U. S. 533; *Cipriano* v. *Houma* 395 U. .S. 701; *Evans* v. *Cornman,* 398 U. S. 419; *Kramer* v. *Union Free School District No. 15.,* 395 U. S. 621. The importance of the right was well expressed by the United States Supreme Court in *Wesberry* v. *Sanders, supra,* at page 560:

"No right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live. Other rights, even the most basic, are illusory if the right to vote is undermined. Our Constitution leaves no room for classification of people in a way that unnecessarily abridges this right."

All qualified voters have a constitutionally protected right to vote. Although the right to vote has been held to

be a "fundamental political right, because preservative of all rights"[4] and "the essence of democratic society,"[5] the right does not eminate specifically from the United States Constitution and the privilege to vote in a state is within the jurisdiction of the state itself, to be exercised as the state may direct, and upon such terms as to it may seem proper, provided, of course, no discrimination is made between individuals in violation of the federal Constitution.[6]

We can understand the formidable concern of the County Board of Elections in this case for preservation of the incorruptibility of the ballot box should a number of persons who have no permanent residence in a precinct because they live in a mobile unit which they park in different places within the county demand of the Board of Elections the right to register and vote in a precinct of their choice and by voting allow a candidate for political office to win by fraud, thus violating an important state interest. To prevent fraud is a lawful and compelling state goal.

In this case there is no compelling reason to deny the plaintiff his right to vote. The danger of fraud does not exist since the plaintiff will not be able to choose the precinct in which he will vote without first establishing a fixed residence for 30 days and the plaintiff maintains an interest in the community by continuing to live and work in the greater Cleveland area.

### III.

Since under Ohio law the plaintiff has never lost his right to vote in the precinct in which he last had a permanent voting residence and because the right to vote is a fundamental right of such importance that a compelling reason must be established to deny him that right, and no such reason is apparent in the present case, we hold that the plaintiff, a person living in a mobile unit which he

---

[4]*Yick Wo* v. *Hopkins*, 118 U. S. 356, 370.

[5]*Reynolds* v. *Sims*, 377 U. S. 533, 555.

[6]*Pope* v. *Williams*, 193 U. S. 621, 632.

drives to and from work and parks within a political boundary but not fixed as to any precinct in that boundary and who otherwise qualifies for the right to vote, should be permitted to vote in the precinct from which he removed himself but in which he had his last permanent residence until he either forfeits his right to vote in that precinct under the provisions of R. C. 3503.02 or he locates a permanent voting residence elsewhere under R. C. 3503.01.

The judgment is reversed and the cause remanded for further proceedings according to law not inconsistent with this opinion.

*Judgment reversed.*

SILBERT, J., concurs.

KRENZLER, J., dissenting. I respectfully dissent from the majority opinion for the following reasons.

R. C. 3503.01 which was amended effective March 23, 1972 clearly sets forth the requirements for qualifying to vote at an election. A person may vote at all elections if he or she has the following qualifications:

1. citizen of the United States;
2. eighteen (18) years of age or over;
3. resident of the State of Ohio—six (6) months;
4. resident of the county thirty (30) days;
5. resident of the voting precinct thirty (30) days next preceding the election at which he offers to vote.

There is an exception provided for in R. C. 3503.01 and that is that if any qualified elector in good faith moves his residence from one county to another county or from one precinct to another precinct in the same county within thirty (30) days next preceding an election he may vote in the precinct from which he moved and wherein his voting residence had been legally established.

Thus, if a qualified elector moves from one precinct to another in the same county within thirty (30) days of an election he may vote at the old precinct. In addition, the clear meaning of this provision (R. C. 3503.01) is that if

a qualified elector moves his residence from one precinct to another precinct in the same county more than thirty (30) days preceding an election, he must transfer his registration to his new voting precinct or he is not a qualified elector because he does not meet one of the requirements of R. C. 3503.01; namely, *he must be a resident of the voting precinct thirty (30) days next preceding the election at which he offers to vote.*

R. C. 3503.02 establishes the rules for determining residence.[1]

One of the requirements for qualifying as an elector is that of residence as defined in R. C. 3503.02. If a party does not meet any of these qualifications, he is not entitled to vote.

This is a fair and reasonable regulation and its application does not violate a person's right to equal protection required by the 14th Amendment to the United States Constitution.

In the absence of such a regulation there would be chaos and confusion in the election procedure and the administration of our election processes would be impossible. Failure or refusal to establish residence as defined in R. C. 3503.02 deprives the person of his right to vote. If a person chooses not to be a resident of a voting precinct, he is deemed to have waived his right to be a qualified elector with the right to vote.

It is recognized that an increasing number of people in our society are becoming mobile and living in mobile homes, travel trailers and recreational vehicles. People who own such vehicles and who also have a residence as defined in R. C. 3503.02 may become qualified electors and do not have any problem in qualifying as electors.

The problem occurs when a person has a mobile home and refuses or fails to become a resident as defined in R. C. 3503.02 and consequently does not qualify as a voter under R. C. 3503.01.

This is a matter for the legislature to decide and not

---

[1]R. C. 3503.02. See footnote 2 in majority opinion.

this court since the legislature enacts all of the laws regarding qualifications for voting.

Under the facts in this case, Mr. Kyser did not have a residence as defined in R. C. 3503.02 and therefore does not meet the qualifications as an elector entitled to vote. Plaintiff testified that the last time he voted was when he had a residence on 113th Street, approximately three years ago.

I do not agree that the appellant is entitled to vote at his old precinct because he has not lost the status of an elector in that precinct. Unless the appellant would be a resident in his old precinct as defined in R. C. 3503.02 for at least thirty (30) days next preceding any election, he cannot be a qualified elector in that precinct and meet the qualifications of R. C. 3503.01. Also see R. C. 3503.25 which requires that the Board of Elections cancel the registration of all voters who have not voted at least once in the two next preceding calendar years or transferred his registration within that period.

I would affirm the judgment of the trial court.