The STATE of Ohio, Appellee,

v.

WORKMAN, Appellant.

[Cite as *State v. Workman* (1998), 126 Ohio App.3d 422.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 1997CA00224.

Decided Feb. 23, 1998.

*J. Leslie Markijohn,* for appellee.

*Joseph F. Scott* and *Howard T. Scott,* for appellant.

READER, Judge.

Appellant Edward Workman appeals a judgment of the Stark County Common Pleas Court convicting him of illegal voting (R.C. 3599.12).

### Assignments of Error

"I.   The trial court erred as a matter of law when it held that R.C. 3599.12 imposes strict liability without regard to scienter.

"II.   The conviction of the appellant on the charge of illegal voting was against the manifest weight of the evidence in that insufficient evidence was presented at trial to establish that the appellant acted with scienter.

"III.   The conviction of the appellant on the charge of illegal voting was improper as the actions of the appellant are not proscribed by R.C. 3599.12.

"IV.   The conviction of the appellant on one count of illegal voting is improper as R.C. 3599.12 is unconstitutionally vague."

Mark Workman, appellant's son, is an employee of Burlington Northern San Fe Railroad Company.   As part of his job assignments, he travels throughout the western part of the United States.   However, Mark Workman maintained residency in Stark County, Ohio.

At the time of the 1996 general election, Mark Workman was on temporary assignment in Kansas City. It became apparent to Mark that he would not be in Ohio on Election Day. Appellant mailed a letter, dated October 25, 1996, to the Stark County Board of Elections explaining that Mark would be out of Ohio on company business on Election Day. Appellant further disclosed that Mark's address had changed since the last voting period.   The board of elections telephoned appellant and informed him that an absentee ballot could not be sent two weeks before the election.   In addition, because of the change of address, Mark would have to come to the board of elections' office to vote.

On October 30, 1996, appellant went to the board of elections' office to vote on behalf of his son.   He approached an employee of the board of elections and identified himself as Mark Workman.   The employee gave appellant an Application for Absentee Voter Ballots.   Appellant filled out the form and signed his son's name.   As a part of this form, he listed Mark Workman's date of birth as April 18, 1964.   Appellant filled out a second form in his son's name entitled "Statement of Voter Who Moved or Changed Names on or Prior to Election

Day." Again, appellant signed his son's name and completed the form with his son's information.

After completing these forms, appellant was given a ballot. Appellant completed this ballot. When he returned to the counter, another employee took the ballot. The employee compared the signature in the registration book with the signature on the ballot. She noticed the signatures did not appear to match. She asked appellant whether he was Mark Workman, and he responded affirmatively. She then asked him to show identification. He briefly flipped open his wallet and attempted to put it back in his pocket. The employee insisted that he show her his driver's license. Again, he opened his wallet only a few seconds and then put it back into his pocket. The employee asked appellant to remove the driver's license from his wallet. He then held it out with his thumb over his name and address. However, the employee noticed that the birth date on the driver's license was not 1964. Further, the Social Security number was cut out of the driver's license. When the employee explained to appellant that he was not Mark Workman, appellant claimed that he had a power of attorney to vote on behalf of his son. However, he did not present documentation of the alleged power of attorney.

The ballot was sealed but was not counted in the election.

Appellant was charged with illegal voting pursuant to R.C. 3599.12. The case proceeded to bench trial in the Stark County Common Pleas Court. Appellant testified at trial that he presented the board of elections with the power of attorney before voting; however, the power of attorney was destroyed before trial.

Appellant was convicted as charged. He was sentenced to three years' community control.

I

Appellant first argues that the court erred in finding that R.C. 3599.12 imposed a strict liability offense. R.C. 3599.12 provides:

"No person shall vote or attempt to vote in any primary, special, or general election in a precinct in which he is not a legally qualified voter, or vote or attempt to vote more than once at the same election; or impersonate or sign the name of another person, real or fictitious, living or dead, and vote or attempt to vote as such person in any such election; or vote or attempt to vote at any primary the ballot of a political party with which he has not been affiliated, as required by section 3513.19 of the Revised Code, or with which he did not vote at the last election, or cast a ballot at any such selection after objection has been

made and sustained to his vote; or knowingly vote or attempt to vote a ballot other than the official ballot."

It is well established that when a statute reads, "No personal shall," absent any reference to the requisite culpable mental state, this statute is clearly indicative of a legislative intent to impose strict liability. *State v. Cheraso* (1988), 43 Ohio App.3d 221, 223, 540 N.E.2d 326, 328–329. R.C. 3599.12, therefore, imposes strict liability on a person who commits any of the acts listed in the statute.

The first assignment of error is overruled.

## II

Appellant next argues that the judgment is against the manifest weight of the evidence. In reviewing a claim that a judgment is against the weight of the evidence, we must examine the evidence, in a light most favorable to the prosecution, to determine whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, at paragraph two of the syllabus. The weight to be given evidence and the credibility of witnesses are to be determined by the trier of fact. *State v. Jamison* (1990), 49 Ohio St.3d 182, 552 N.E.2d 180, certiorari denied (1990), 498 U.S. 881, 111 S.Ct. 228, 112 L.Ed.2d 183.

There was evidence that appellant presented himself at the board of elections as Mark Workman. There was evidence that he verbally identified himself on the telephone and in person as his son and that he was evasive at the board of elections when asked to provide proof of identity. There was evidence that he signed his son's name on all documents at the board of elections and failed to identify the signature as made by power of attorney. This was sufficient evidence from which the court could have concluded that appellant attempted to vote in a general election by impersonating or signing the name of another person.

The second assignment of error is overruled.

## III

Appellant maintains that his conduct did not violate the statute, as he was voting on behalf of another, acting by virtue of a lawful power of attorney. The trial court specifically noted that at no time did appellant indicate that he was acting under authority of a power of attorney, despite the fact that he had ample opportunity to do so. He did not mention this fact in his letter to the board of elections, during his conversation with employees of the board of elections, on the

application for the absentee ballot, on the identification envelope for the absentee ballot, on the identification envelope for the walk-in ballot, or when questioned about his identity. Instead, appellant repeatedly insisted that he was Mark Workman. Based on this evidence, the court did not err in finding that appellant attempted to vote as Mark Workman.

The third assignment of error is overruled.

## IV

Appellant claims that R.C. 3599.12 is unconstitutionally vague.

■ A statute is unconstitutionally vague if it either forbids or requires the doing of an act in terms so vague that people of common intelligence must necessarily guess at its meaning and differ as to its application. *State v. Phipps* (1979), 58 Ohio St.2d 271, 273, 12 O.O.3d 273, 274, 389 N.E.2d 1128, 1130–1131.

■ R.C. 3599.12 is very specific concerning the types of conduct prohibited. It is not so vague that persons of common intelligence must guess at its meaning. The statute specifically sets out what conduct is prohibited. Further, the mere fact that a statute imposes strict liability does not make it unconstitutional.

■ Appellant also argues that the statute is enforced arbitrarily. He argues that the board of elections has not prosecuted others who signed another's name, which included the language "by authority of Power of Attorney."

However, appellant did not include this language in his application, nor did he indicate that he was acting under a power of attorney. Therefore, there were additional factors present in appellant's situation that were not present in the other situations where a person attempted to vote under a power of attorney. Therefore, there is no evidence that the statute has been arbitrarily enforced.

■ Finally, appellant's contention that the law unreasonably infringes on a citizen's right to vote is without merit. The law provides an adequate procedure for absentee voters so that their interests are protected. The fact that rules and deadlines apply to the voting procedure does not render the statute unconstitutional.

The fourth assignment of error is overruled.

The judgment of the Stark County Common Pleas Court is affirmed.

*Judgment affirmed.*

FARMER, P.J., and WISE, J., concur.