The STATE of Ohio, Appellee,

v.

HULL, Appellant.

[Cite as *State v. Hull* (1999), 133 Ohio App.3d 401.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

No. CA98-07-053.

Decided April 26, 1999.

402

*Donald W. White*, Clermont County Prosecuting Attorney, *David Henry Hoffmann*, Assistant Prosecuting Attorney, for appellee.

*A.P. Anninos* and *Eli Namanworth*, for appellant.

---

WALSH, Judge.

Defendant-appellant, Michael Edward Hull, appeals his convictions in the Clermont County Court of Common Pleas for illegal voting in violation of R.C. 3599.12. We affirm.

Appellant is an Australian citizen and a lawful permanent resident of the United States. On January 10, 1996, after obtaining a driver's license, appellant registered to vote in Miami Township precinct C1C. During the registration process, appellant stated that he was born in New Zealand but was never asked about his current citizenship status. Appellant, who has limited reading and writing skills, signed a voter's registration form containing a statement attesting to the fact that he was a United States citizen. However, appellant is not and has never been a United States citizen. Appellant then received a Clermont County, Ohio voter identification card.

Appellant voted in the general election in Miami Township on November 5, 1996. He voted again in the special election on May 6, 1997 and in the general election on November 4, 1997. Appellant always voted in the precinct that was designated by the Clermont County Board of Elections pursuant to his voter registration. When appellant was called for jury duty, his wife read the jury duty form and told him that because he was not a United States citizen, he could not vote or serve as a juror. Appellant then informed the court that he could not serve as a juror because he was not a United States citizen.

Appellant was charged with three counts of illegal voting under R.C. 3599.12 and one count of tampering with records under R.C. 2913.42(A)(1). Appellant filed a motion to dismiss the illegal voting violations, arguing that R.C. 3599.12 was unconstitutional because it was impermissibly vague. After reviewing memoranda and oral arguments, the trial court overruled appellant's motion to dismiss. Appellant pled no contest to the illegal voting charges, and the prosecuting attorney dismissed the tampering with records charge. By entry filed June 16, 1998, the trial court found appellant guilty of the three illegal voting offenses, which are felonies of the fourth degree. Appellant was sentenced to three years of community control subject to the supervision of the Adult Probation Department. This timely appeal followed.

On appeal, appellant presents two assignments of error in which he argues that the trial court erred in (1) overruling his motion to dismiss, and (2) finding him

guilty of illegal voting in violation of R.C. 3599.12. Because both assignments of error have identical headings and because they both challenge the same actions by the trial court, they will be addressed together.

Appellant first argues that R.C. 3599.12 is unconstitutional as applied to him in this case because the statute is impermissibly vague.

All enactments by the legislature enjoy a strong presumption of constitutionality. *State v. Collier* (1991), 62 Ohio St.3d 267, 269, 581 N.E.2d 552, 553; *State v. Anderson* (1991), 57 Ohio St.3d 168, 171, 566 N.E.2d 1224, 1226. "The party asserting that a statute is unconstitutional must prove this assertion beyond a reasonable doubt in order to prevail." *Collier* at 269, 581 N.E.2d at 553. When considering a vagueness claim, all doubts will be resolved in favor of the constitutionality of the statute. *State v. Gaines* (1990), 64 Ohio App.3d 230, 234, 580 N.E.2d 1158, 1160.

When reviewing a void for vagueness claim, one must focus on the following three values:

"These values are first, to provide fair warning to the ordinary citizen so behavior may comport with the dictates of the statute; second, to preclude arbitrary, capricious and generally discriminatory enforcement by officials given too much authority and too few constraints; and third, to ensure that fundamental constitutionally protected freedoms are not unreasonably impinged or inhibited." *Collier*, 62 Ohio St.3d at 270, 581 N.E.2d at 554, citing *State v. Tanner* (1984), 15 Ohio St.3d 1, 3, 15 OBR 1, 3, 472 N.E.2d 689, 691.

Under the first value of the vagueness doctrine, we must consider whether R.C. 3599.12 provides adequate notice and fair warning so that persons of ordinary intelligence can conform their conduct to the law. A statute is not unconstitutionally vague unless it is "impermissibly vague in all of its applications." *Cincinnati v. Thompson* (1994), 96 Ohio App.3d 7, 24, 643 N.E.2d 1157, 1169, citing *Hoffman Estates v. Flipside Hoffman Estates, Inc.* (1982), 455 U.S. 489, 497, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362, 371. Therefore, to demonstrate that a statute is void for vagueness, it must be shown that the statute is vague "not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all." *State v. Anderson*, 57 Ohio St.3d at 171, 566 N.E.2d at 1226, quoting *Coates v. Cincinnati* (1971), 402 U.S. 611, 614, 91 S.Ct. 1686, 1688, 29 L.Ed.2d 214, 217.

Appellant claims that R.C. 3599.12 fails to provide adequate notice that a person registered to vote can nevertheless violate this statute by voting if he is not a United States citizen. The portion of R.C. 3599.12 relevant to this appeal states that "no person shall vote or attempt to vote in any primary, special, or

general election in a precinct in which he is not a legally qualified voter." Emphasizing the fact that there is no mention of citizenship in R.C. 3599.12, appellant argues that he had insufficient notice of what constituted a "legally qualified voter."

Section 1, Article V of the Ohio Constitution defines who is entitled to vote under the law, as follows:

"*Every citizen of the United States,* of the age of eighteen years, who has been a resident of the state, county, township, or ward, such time as may be provided by law, and has been registered to vote for thirty days, has the qualifications of an elector, and is entitled to vote at all elections." (Emphasis added.)

R.C. 3503.01, which sets forth the qualifications for a person to vote in a particular precinct, states:

"*Every citizen of the United States* who is of the age of eighteen years or over and who has been a resident of the state thirty days immediately preceding the election at which the citizen offers to vote, is a resident of the county and precinct in which the citizen offers to vote, and has been registered to vote for thirty days, has the qualifications of an elector and may vote at all elections in the precinct in which the citizen resides." (Emphasis added.)

The Ohio Constitution and Ohio Revised Code unequivocally establish that a "legally qualified voter" must be a United States citizen. Moreover, simple common sense leads a person of average intelligence to conclude that, in order to vote in an election in Ohio, one must be a United States citizen. Therefore, we find that R.C. 3599.12 fulfills the constitutional notice requirement.

The second value protected by the vagueness doctrine is the preclusion of arbitrary and discriminatory enforcement. *Collier,* 62 Ohio St.3d at 271, 581 N.E.2d at 555. "Laws must provide explicit standards for those who are charged with enforcing them." *Collier* at 271, 581 N.E.2d at 555, citing *Grayned v. Rockford* (1972), 408 U.S. 104, 108, 92 S.Ct. 2294, 2299, 33 L.Ed.2d 222, 227. We must therefore consider whether R.C. 3599.12 contains sufficient standards to guide the enforcement of this law.

In this case, the statutory language of R.C. 3599.12 does not allow for discretion as to the statute's application and enforcement. To be prosecuted, a person who is not a "legally qualified voter" must "vote or attempt to vote in any primary, special, or general election." R.C. 3599.12. This statute provides standards that are constitutionally sufficient to guide both prosecutors and citizens (or in this case, noncitizens). This statute is not rendered unconstitutional as applied to appellant even if, as the record suggests, he may have made an honest mistake in believing that he could vote in Ohio despite the fact that he was not a United States citizen. The Supreme Court of Ohio has determined that

"[a]lthough numerous innocent scenarios may be presented regarding almost every criminal statute, possible doubt as to enforcement by the appropriate authorities cannot give rise to constitutional infirmity." *Collier,* 62 Ohio St.3d at 272, 581 N.E.2d at 555. We find that R.C. 3599.12 sufficiently precludes arbitrary and discriminatory enforcement.

The third value to examine in a void for vagueness claim is the overbreadth doctrine. Under this doctrine, the court considers whether basic constitutionally protected freedoms are unreasonably impinged or inhibited by the statute. "All *qualified voters* have a constitutionally protected right to vote." (Emphasis added.) *Kyser v. Bd. of Elections of Cuyahoga Cty.* (1972), 33 Ohio App.2d 52, 56, 62 O.O.2d 107, 110, 291 N.E.2d 775, 778. This right notwithstanding, the legislature may require persons who wish to become registered voters to be residents of the community. *Id.* at 57, 62 O.O.2d at 110, 291 N.E.2d at 778. There is no constitutionally protected right for citizens of other countries to vote in Ohio elections. Therefore, no right under the First Amendment is unreasonably restricted by limiting voting to registered voters, who, to be legally qualified voters, must also be United States citizens. Clearly, R.C. 3599.12 does not violate the overbreadth doctrine.

We find that R.C. 3599.12 withstands the test for vagueness. This statute provides sufficient notice so that a person of average intelligence can understand what conduct is permissible and what conduct is forbidden. It also contains adequate guidelines to preclude arbitrary and discriminatory enforcement. Finally, this statute is not overbroad. Therefore, we find that R.C. 3599.12 is not unconstitutionally vague.

Appellant also argues that the trial court incorrectly construed R.C. 3599.12 as a strict liability statute. Appellant contends that read in tandem with R.C. 3599.11, the illegal voting statute requires a *mens rea* of knowingly. We disagree.

The portion of R.C. 3599.11 relevant to appellant's argument defines the offense of false registration as follows: "No person shall *knowingly* register or make application or attempt to register in a precinct in which he is not a qualified voter." (Emphasis added.) We believe that the legislature's decision to include the word "knowingly" in the false registration statute and to fail to designate any *mens rea* in the illegal voting statute strongly suggests that the legislature intended to impose strict liability for illegal voting.

However, we must consider R.C. 2901.21(B), which states:

"When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in such section, then culpability is not required for a person to

be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense.

Because R.C. 3599.12 does not specify a degree of culpability, we must determine whether it "plainly indicates a purpose to impose strict liability."

"The more serious the consequences [of violating a statute] are to the public, the more likely the legislature meant to impose liability without fault." *Middletown v. Campbell* (1990), 69 Ohio App.3d 411, 415, 590 N.E.2d 1301, 1303, quoting *State v. Buehler Food Markets* (1989), 50 Ohio App.3d 29, 30, 552 N.E.2d 680, 682. Whereas laws created primarily to punish individual wrongdoers often require a culpable mental state, regulations made to secure the safety, health, or well-being of the public are often enforced irrespective of guilty intent. *Middletown* at 415, 590 N.E.2d at 1303. Such regulatory offenses are *mala prohibita*, that is, acts "made unlawful for the good of the public welfare regardless of the state of mind." *State v. Schlosser* (1997), 79 Ohio St.3d 329, 333, 681 N.E.2d 911, 914. Strict liability is an appropriate way to enforce such statutes. *Id.* at 334, 681 N.E.2d at 915. Therefore, "[i]n Ohio, intent is not required where the accused had the means of knowledge relating to the facts of the violation, or, where, because of substantial and significant public interest involved, the accused had a duty to ascertain the facts of the violation." *Middletown*, 69 Ohio App.3d at 416, 590 N.E.2d at 1304, quoting *Flint v. Ohio Bell Tel. Co.* (1982), 2 Ohio App.3d 136, 137, 2 OBR 150, 151, 440 N.E.2d 1244, 1246.

R.C. 3599.12 is an example of a statute that properly imposes strict liability to protect the general welfare. This statute prohibits persons who are not legally qualified from voting in Ohio elections. It is important for the public welfare that only legally qualified voters, who must be United States citizens and residents of the state of Ohio, elect the government officials of our state. The Fifth District Court of Appeals has found that R.C. 3599.12 is a strict liability statute. See *State v. Workman* (1998), 126 Ohio App.3d 422, 710 N.E.2d 744. We also find that R.C. 3599.12 is a strict liability statute.

We therefore find that the trial court did not err in overruling the motion to dismiss and finding appellant guilty of illegal voting. Appellant's two assignments of error are overruled.

*Judgment affirmed.*

POWELL, P.J., and VALEN, J., concur.