DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellants, Charles Worrell ("Husband"), and Jerolynn Worrell ("Wife"), appeal the decision of the Summit County Court of Common Pleas, which found them guilty of illegal voting. This Court affirms.
 I. {¶ 2} On August 25, 2005, Husband and Wife took possession of a residence located at 2751 Vanderhoof Road, Barberton, Ohio. Prior to moving to 2751 Vanderhoof Road, the Worrells resided at 1265 Jacoby Road, Copley, Ohio, which is located in Summit County, Ohio. In 2000, the property located at 2751 *Page 2 
Vanderhoof Road was annexed to Barberton. Prior to sometime in 2000, the property was located in New Franklin.
 {¶ 3} After moving to 2751 Vanderhoof Road, Husband filled out a voter registration card which Wife signed and returned to the Summit County Board of Elections. However, Husband listed Wife's address as "2571 Vanderhoof," not "2751 Vanderhoof," which is their correct address. Wife then received notification from the board of elections that she was registered to vote in New Franklin. Thereafter, Husband filled out a new voter registration card, changing his address from "2751 Vanderhoof Road" to "2571 Vanderhoof Road." Husband then received notification from the board of elections that he was registered to vote in New Franklin.
 {¶ 4} Husband and Wife both voted in New Franklin, Ohio's municipal election for Mayor on November 8, 2005. Shortly after the election, Bryan Williams, Director of the Summit County Board of Elections, received notice that the Worrells had voted in the New Franklin Village election and that they did not live in the Village of New Franklin. The Summit County Board of Elections held a hearing and referred the matter to the Summit County Sheriffs Department. The matter was then referred to the Summit County Prosecutor's Office for prosecution.
 {¶ 5} Husband and Wife were each indicted by the Summit County Grand Jury on one count of illegal voting, a violation of R.C. 3599.12. The matter *Page 3 
proceeded to a jury trial, at the conclusion of which, both were found guilty. Husband and Wife were sentenced to six months incarceration, suspended, upon completion of one year of community control and other sanctions.
 {¶ 6} Husband and Wife timely appealed their convictions. This Court consolidated the appeals, but Husband and Wife were allowed to file separate briefs. Husband has set forth three assignments of error and Wife has asserted five assignments of error for review. The assignments have been rearranged and some have been consolidated in order to facilitate this Court's review.
 II. WIFE'S ASSIGNMENT OF ERROR I "R.C. 3503.01 AND 3599.12(A)(1) ARE UNCONSTITUTIONAL ON THEIR FACE AS THEY CONFLICT WITH ART. V, [SECTION] 1 OF THE OHIO CONSTITUTION."
 {¶ 7} In her first assignment of error, Wife argues that R.C. 3503.01
and 3599.12 are unconstitutional on their face because they conflict with Section 1, Article V, Ohio Constitution, specifically because R.C.3503.01 differs from the definition of legally qualified elector found in Section 1, Article V, Ohio Constitution. In addition, she argues that R.C. 3599.12 is unconstitutional because it enforces R.C. 3503.01. However, at trial, counsel for Husband and Wife challenged the constitutionality of R.C. 3599.12 solely on the basis that it is unconstitutionally vague. Wife argues that the fact that she raised "a" constitutional argument below preserved the issue of the constitutionality of R.C. *Page 4 3599.12 on any basis on appeal. Wife's argument lacks merit. The "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." State v. Awan (1986),22 Ohio St.3d 120, syllabus. Because Wife did not raise the issues she is asserting on appeal in the trial court, this Court cannot address this argument. Wife's first assignment of error is overruled.
 HUSBAND'S ASSIGNMENT OF ERROR I "THE VERDICT OF THE JURY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW IN THAT PROSECUTOR FAILED TO PROVE EACH ELEMENT OF THE CRIME CHARGED AND THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT A FINDING OF GUILT BEYOND A REASONABLE DOUBT, OF THE CHARGE OF ILLEGAL VOTING, MERITING REVERSAL."
 {¶ 8} In Husband's first assignment of error, he asserts that his conviction was against the manifest weight of the evidence and was supported by insufficient evidence. This Court disagrees.
 {¶ 9} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has *Page 5 
met its burden of persuasion." Id., citing State v. Thompkins (1997),78 Ohio St.3d 380, 390 (Cook, J., concurring). In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v. Jenks (1991), 61 Ohio St.3d 259,279. Furthermore:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus; see, also, Thompkins, 78 Ohio St.3d at 386.
 {¶ 10} In State v. Roberts, this Court explained that "sufficiency is required to take a case to the jury[.] * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462. (Emphasis omitted). Accordingly, we address Husband's challenge to the weight of the evidence first, as it is dispositive of his claim of sufficiency.
 {¶ 11} In determining whether a conviction is against the manifest weight of the evidence, an appellate court:
 "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of *Page 6 
justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175; see, also, Otten, 33 Ohio App.3d at 340.
 {¶ 12} Husband was convicted of illegal voting in violation of R.C.3599.12(A)(1), which provides as follows: "No person shall * * * [v]ote or attempt to vote in any primary, special, or general election in a precinct in which that person is not a legally qualified elector[.]"
 {¶ 13} Both the Twelfth and Fifth Appellate Districts have reviewed R.C. 3599.12 and found it to be a strict liability statute. SeeState v. Hull (1999), 133 Ohio App.3d 401, 407-408. See, also, State v.Workman (1998), 126 Ohio App.3d 422, 426. In Hull, the court stated:
 "R.C. 3599.12 is an example of a statute that properly imposes strict liability to protect the general welfare. This statute prohibits persons who are not legally qualified from voting in Ohio elections. It is important for the public welfare that only legally qualified voters, who must be United States citizens and residents of the state of *Page 7 
Ohio, elect the government officials of our state. The Fifth District Court of Appeals has found that R.C. 3599.12 is a strict liability statute. See State v. Workman (1998), 126 Ohio App.3d 422. We also find that R.C. 3599.12 is a strict liability statute." Hull, 133 Ohio App.3d at 408.
We join in the reasoning of the Fifth and Twelfth Appellate Districts, and find that R.C. 3599.12 is a strict liability statute. Therefore, no mens rea is required in order to convict one of illegal voting pursuant to R.C. 3599.12(A)(1). The record shows that Husband filled out a voter registration card with the address "2571 Vanderhoof Road." He then voted in the November 8, 2005, municipal election for mayor in New Franklin. However, Husband actually resided at "2751 Vanderhoof Road," which is located in Barberton, not New Franklin. Therefore, this Court cannot find that Husband's conviction is against the manifest weight of the evidence. Having found that Husband's conviction was not against the manifest weight of the evidence, we also conclude that there was sufficient evidence to support the jury's verdict in this case with respect to the offense. See Roberts, supra.
 {¶ 14} Husband also argues on appeal that R.C. 3599.12 is not applicable to municipal elections. However, Husband did not raise this issue in the trial court. As stated previously, a party may not raise an issue on appeal that was not first raised in the trial court. Akron v.Callaway, 162 Ohio App.3d 781, 2005-Ohio-4095, at ¶ 22. Because Husband did not raise the issue of the applicability of R.C. *Page 8 3599.12 to municipal elections in the trial court, this Court cannot address this argument. Husband's first assignment of error is overruled.
 HUSBAND'S ASSIGNMENT OF ERROR II "TRIAL COURT COMMITTED ERROR, TO THE PREJUDICE OF APPELLANT, BY CHARGING THE JURY ON MATTERS TO WHICH HE RAISED TIMELY OBJECTION, MERITING REVERSAL."
 {¶ 15} In his second assignment of error, Husband argues that the trial court erred in instructing the jury as to the definition of a legally qualified voter. In essence, Husband is claiming that the trial court erred by failing to instruct the jury that the degree of mental culpability required under R.C. 3599.12(A)(1) is recklessness. Given this Court's finding that R.C. 3599.12(A)(1) is a strict liability offense and that no mens rea is required, Husband's second assignment of error is overruled.
 WIFE'S ASSIGNMENT OF ERROR II "MRS. WORRELL WAS PREJUDICED BECAUSE THERE WAS INSUFFICIENT EVIDENCE TO CONVICT MRS. WORRELL UNDER R.C. 3599.12(A)(1)."
 WIFE'S ASSIGNMENT OF ERROR V "MRS. WORRELL WAS PREJUDICED BECAUSE THE CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 16} In Wife's second and fifth assignments of error, she asserts that her conviction was against the manifest weight of the evidence and was supported by insufficient evidence. This Court disagrees. *Page 9 
 {¶ 17} The law regarding sufficient and manifest weight of the evidence challenges is set forth in our analysis of Husband's first assignment of error. Again, we will address the manifest weight of the evidence argument first as it is dispositive of the issue of sufficiency.
 {¶ 18} Wife was also convicted of illegal voting in violation of R.C.3599.12(A)(1), which provides as follows: "No person shall * * * [v]ote or attempt to vote in any primary, special, or general election in a precinct in which that person is not a legally qualified elector[.]"
 {¶ 19} At trial, Wife admitted to signing the voter registration card which was filled out by her husband. Wife stated that after signing the card, she gave it to her husband and he submitted it to the board of elections. Wife further admitted to voting in New Franklin on November 8, 2005. She also testified that on November 8, 2005, she was residing in Barberton. Based upon Wife's testimony and this Court's conclusion that no mens rea is required under R.C. 3599.12(A)(1), we cannot conclude that her conviction was against the manifest weight of the evidence. Having found that Wife's conviction was not against the manifest weight of the evidence, we also conclude that there was sufficient evidence to support the jury's verdict in this case with respect to the offense. See Roberts, supra. Wife's second and fifth assignments of error are overruled.
 WIFE'S ASSIGNMENT OF ERROR III *Page 10 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR TO THE PREJUDICE OF MRS. WORRELL IN ITS FAILURE TO PROPERLY INSTRUCT THE JURY."
 {¶ 20} In her third assignment of error, Wife asserts that the trial court erred by failing to instruct the jury that the degree of mental culpability required under R.C. 3599.12(A)(1) is recklessness. Given this Court's finding that R.C. 3599.12(A)(1) is a strict liability offense and that no mens rea is required, this argument lacks merit.
 {¶ 21} Wife also argues that the court erred by instructing the jury that the definition of legally qualified elector is the definition found in R.C. 3503.01 rather than the definition found in Section 1, ArticleV, Ohio Constitution. Wife did not argue below that the correct definition of a legally qualified voter is the one found in Art. V, Sec.1, of the Ohio Constitution. Acknowledging this, Wife also asserts on appeal that the trial court's use of the definition found in R.C.3503.01 constituted plain error. Wife's argument relies in essence on her previous argument that R.C. 3503.01 is unconstitutional. In order to find plain error, this Court would necessarily have to reach Wife's argument in her first assignment of error concerning the constitutionality of R.C. 3503.01. As we have already found that the constitutionality of R.C. 3503.01 is not properly before this Court as it was not raised below, we cannot address Wife's argument regarding the content of R.C. 3503.01. Awan, 22 Ohio St.3d at syllabus. Wife's third assignment of error is overruled. *Page 11 
 HUSBAND'S ASSIGNMENT OF ERROR III "CHARLES WORRELL'S SIXTH AMENDMENT RIGHT TO COUNSEL WAS VIOLATED WHEN HE DID NOT KNOWINGLY AND INTELLIGENTLY WAIVE CONFLICTS THAT MAY OCCUR AS A RESULT OF TRIAL COUNSEL REPRESENTING BOTH DEFENDANTS AND THUS RENDERING TRIAL COUNSEL INEFFECTIVE, MERITING REVERSAL."
 WIFE'S ASSIGNMENT OF ERROR IV "THE TRIAL COURT ERRED TO THE PREJUDICE OF MRS. WORRELL BECAUSE HER TRIAL COUNSEL HAD A CONFLICT IN REPRESENTING BOTH MRS. AND MR. WORRELL AND WAS THUS INEFFECTIVE."
 {¶ 22} Husband's third assignment of error and Wife's fourth assignment of error both allege that they received ineffective assistance of counsel because their trial counsel had a conflict in representing both of them.
 {¶ 23} The Sixth Amendment right to assistance of counsel embraces the correlative right to representation that is free from conflicts of interest. Wood v. Georgia (1981), 450 U.S. 261, 271. "In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan (1980),446 U.S. 335, 348. A "possibility of conflict is insufficient to impugn a criminal conviction." Id. at 350. To establish the constitutional predicate for a claim of ineffective assistance of counsel, a defendant must show that his counsel actively represented conflicting interests. Id. A defendant who shows that a conflict of interest actually affected the adequacy of his *Page 12 
representation need not demonstrate prejudice in order to obtain relief. Id. at 349-50.
 {¶ 24} Joint representation of multiple defendants is not per se violative of the constitutional guarantee of effective assistance of counsel. Holloway v. Arkansas (1978), 435 U.S. 475, 482. Usually, the attorney representing multiple defendants is in the best position professionally and ethically to determine when a conflict of interest exists or will probably develop in the course of a trial. Id. at 485-86.
 {¶ 25} In discussing the trial court's duty when it is aware that a possible conflict exists, the Supreme Court of Ohio stated:
 "[W]here a trial court knows or reasonably should know of an attorney's possible conflict of interest in the representation of a person charged with a crime, the trial court has an affirmative duty to inquire whether a conflict of interest actually exists. The duty to inquire arises not only from the general principles of fundamental fairness, but from the principle that where there is a right to counsel, there is a correlative right to representation free from conflicts of interest. See, generally, Wood, supra. Where a trial court breaches its affirmative duty to inquire, a criminal defendant's rights to counsel and to a fair trial are impermissibly imperiled and prejudice or `adverse effect' will be presumed." (Internal citations and emphasis omitted.) State v. Gillard (1992), 64 Ohio St.3d 304, 311.
 {¶ 26} In the present matter, prior to the beginning of the trial, the prosecution asked the court to inquire whether Husband and Wife waived any potential conflict of interest. At that point, the trial court conducted an inquiry during which counsel for Husband and Wife stated that he did not believe that a *Page 13 
conflict existed. At the conclusion of the inquiry, both Husband and Wife stated that they were comfortable with their counsel representing both of them.
 {¶ 27} After reviewing the record, this Court finds that the trial court conducted a sufficient inquiry as to whether a potential conflict existed and did not abuse its discretion in finding that no potential conflict existed. Husband's third assignment of error and Wife's fourth assignment of error are overruled.
 III. {¶ 28} Husband's three assignments of error and Wife's five assignments of error are overruled. The decision of the Summit County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 14 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellants.
DONNA J. CARR FOR THE COURT
BAIRD, J. CONCURS
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to § 6(C), Article IV, Constitution.)