DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Laron Fields ("Fields"), appeals from the judgment of the Summit County Court of Common Pleas which found him guilty of rape and domestic violence. This Court affirms.
 I. {¶ 2} Fields was indicted on February 7, 2008, and charged with one count of rape in violation of R.C. 2907.02(A)(1)(c)/(A)(2), a felony of the first degree; one count of domestic violence in violation of R.C. 2919.25(A), a felony of the fourth degree; and one count of domestic violence in violation of R.C. 2919.25(C), a misdemeanor of the second degree. On February 13, 2008, Fields was arraigned and pleaded not guilty to the charges in the indictment.
 {¶ 3} On May 14, 2008, Fields waived his right to a jury trial, and the trial commenced before the trial court. On the same day, the trial court found Fields guilty of all charges. On June 12, 2008, Fields was sentenced to 6 years of incarceration on count 1; to 6 months *Page 2 
incarceration on count 2; and to 90 days incarceration on count 3. The sentences for counts 1 and 2 were to be served consecutively, and the sentence for count 3 was to be served concurrently to the sentences in counts 1 and 2. Fields was also classified as a Tier III sexually oriented offender. Fields timely appeals setting forth one assignment of error.
 II. ASSIGNMENT OF ERROR "THE COURT'S VERDICT IN THIS CASE FINDING LARON FIELD'S [sic] GUILTY OF RAPE WAS AGAINST THE MANIFEST WEIGHT [OF THE] EVIDENCE AND AS A RESULT, APPELLANT'S RIGHTS AS PROTECTED BY ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION WERE VIOLATED."
 {¶ 4} Fields argues that his conviction for rape was against the manifest weight of the evidence. This Court disagrees.
 {¶ 5} When determining whether a conviction is against the manifest weight of the evidence, this Court has held that courts of appeal:
 "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' State v. Otten (1986), 33 Ohio App.3d 339, 340." State v. Worrell, 9th Dist. Nos. 23378, 23409, 2007-Ohio-7058, at ¶ 11.
"Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." (Internal quotations and emphasis omitted.) State v. Thompkins (1997), 78 Ohio St.3d 380, 387. Finally, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983), 20 Ohio App.3d 172,175. *Page 3 
 {¶ 6} Fields challenges only his conviction for rape under R.C. 2907.02(A)(2), the section under which the trial court found him guilty. R.C. 2907.02(A)(2) provides: "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." Sexual conduct is defined as:
 "vaginal intercourse between a male and a female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse." R.C. 2907.01(A).
In addition, the Supreme Court of Ohio has found that the requisite "[f]orce need not be overt and physically brutal, but can be subtle and psychological." State v. Eskridge (1988), 38 Ohio St.3d 56, 59. "Evidence that the offender overcame the rape victim's will via fear or duress is sufficient to establish forcible rape." State v.Anderson, 9th Dist. No. 23197, 2007-Ohio-147, at ¶ 28, citingEskridge, 38 Ohio St.3d at 58-9.
 {¶ 7} In the case at hand, Fields argues that there was not any semen on or in the person of the victim, or on any of the linens tested in conjunction with the investigation. Fields also points to the fact that the alleged victim was found to have no injuries to any part of her body. Fields further argues that his comments during recorded phone calls placed while he was incarcerated were sarcastic in nature and that he did deny any penetration. While no evidence was obtained having any traces of Fields' semen, and no injuries were sustained by the alleged victim, this does not lead to the conclusion that no rape occurred. Rather, Fields' own admission during a recorded phone conversation shows that there was penetration.
 {¶ 8} During a phone conversation between Fields, who was incarcerated, and the alleged victim on January 26, 2008, at 22:39 and starting at the 15 minute and 36 second mark of the conversation, Fields stated: "The only part of my dick that really got in you was the head." *Page 4 
While Fields' demeanor throughout the phone conversations was resistant to the idea that what happened between him and the alleged victim was rape, he did acknowledge that an event happened where he was on top of the victim and he was acting as if he were going to have sex with her.
 {¶ 9} Furthermore, at trial, the alleged victim testified that there was a struggle between her and Fields where she tried to push him away. She also testified that Fields took off her pants despite her efforts to keep them on. In addition, although she testified at trial that she did not remember whether Fields held her down while he was taking off her pants, she told Detective Richardson of the Akron Police Department (" APD") that "Fields again climbed on top of her, pulled down her pants, * * * pinned her hands to the floor, underneath his knees and raped her." The alleged victim also read from her written statement which she gave to police that while he was holding her down and inserting his penis "[h]e stopped and told me to stop crying or he was going to smack me."
 {¶ 10} Here, this Court cannot say that the trial court clearly lost its way. There was testimony that Fields used both force and threat of force to compel the alleged victim to submit. Furthermore, Fields himself conceded that there was penetration. Even slight penetration is sufficient. R.C. 2907.01(A). Therefore, it cannot be said that the trial court abused its discretion and created a manifest injustice. Accordingly, Fields' sole assignment of error is overruled.
 III. {¶ 11} Fields' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed. *Page 5 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
WHITMORE, J. DICKINSON, P. J. CONCUR *Page 1