[Cite as *State v. Schulz*, 2014-Ohio-1037.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.      26875 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ERIC SCHULZ | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.      12 TRC 9708 |

DECISION AND JOURNAL ENTRY

Dated: March 19, 2014

---

CARR, Judge.

{¶1}    Appellant Eric Schulz filed a notice of appeal from case number 2012 TRC 9708 in the Akron Municipal Court.  Schulz purports to appeal a judgment that denied his purported motion to dismiss a charge of operating under the influence of marijuana pursuant to R.C. 4511.19(A)(1)(j)(viii)(II) for the reason that the statute is unconstitutional.

{¶2}    Although Schulz asserts that he filed a motion to dismiss on the above-mentioned grounds, there is no such motion either physically present in the record or docketed on the clerk's docket of entries.  This Court has recognized that the "'[f]ailure to raise at the trial court level the issue of constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.'" *State v. Worrell*, 9th Dist. Summit Nos. 23378, 23409, 2007-Ohio-7058, ¶ 7, quoting *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus.  As there is no motion to dismiss in the record, and no hearing transcript evidencing

that the issue of the constitutionality of the statute was before the trial court for determination, this Court declines to consider the issue for what the record indicates would be the first time on appeal.

{¶3} Moreover, although Schulz appended to his appellate brief a copy of a judgment entry from the municipal court which ruled on a motion to suppress and motion to dismiss, that judgment entry is neither physically present in the record nor docketed on the clerk's docket of entries in the traffic case. As a trial court speaks only through its journal entries, *State v. Aderhold*, 9th Dist. Medina No. 07CA0047-M, 2008-Ohio-1772, ¶ 13, the absence of the judgment in the record leaves this Court with nothing to review. Although the document appended to Schulz' brief bears the traffic case number relevant to this appeal, it also bears a criminal case number from which Schulz has not appealed. While we might speculate that the judgment from which Schulz has attempted to appeal was filed in the separate criminal case, neither Schulz' notice of appeal nor his appellate docketing statement identified that case number for purposes of appeal. Accordingly, there is no judgment relevant to the issues raised by Schulz on appeal that this Court may properly consider.

{¶4} Under these circumstances, this Court affirms Schulz' conviction.

Judgment affirmed.

—

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

KIRK A. MIGDAL, Attorney at Law, for Appellant.

CHERI CUNNINGHAM, Law Director, GERTRUDE WILMS, Prosecuting Attorney, and THOMAS D. BOWN, Assistant Prosecuting Attorney, for Appellee.