[Cite as *State v. Nofsinger*, 2017-Ohio-4029.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

| STATE OF OHIO | | C.A. No. 16AP0005 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOSHUA M. NOFSINGER | | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No. 2015 CRC-I 000177 |

DECISION AND JOURNAL ENTRY

Dated: May 30, 2017

TEODOSIO, Judge.

{¶1}  Appellant, Joshua M. Nofsinger, appeals from his convictions and classification as a Tier III sex offender in the Wayne County Court of Common Pleas.  We affirm.

I.

{¶2}  Mr. Nofsinger pled guilty to two counts of sexual battery, felonies of the third degree, for engaging in sexual conduct with a sixteen-year-old student while he was an assistant track coach in the Dalton School District.  He was sentenced to two years in prison and was classified as a Tier III sex offender.

{¶3}  Mr. Nofsinger now appeals from his convictions and classification as a Tier III sex offender and raises one assignment of error for this Court's review.

II.

**ASSIGNMENT OF ERROR ONE**

THE OFFENSE-BASED SEX OFFENDER CLASSIFICATIONS UNDER SENATE BILL 10 CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT

UNDER EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 9 OF THE OHIO CONSTITUTION, WHERE THE CLASSIFICATION IS GROSSLY DISPROPORTIONATE TO THE NATURE OF THE OFFENSE AND CHARACTER OF THE OFFENDER.

**{¶4}** In his sole assignment of error, Mr. Nofsinger argues that his classification as a Tier III sex offender is cruel and unusual punishment under the United States Constitution and the Ohio Constitution.

**{¶5}** A review of the record reveals that Mr. Nofsinger did not raise the issue of constitutionality or object in any way to his classification as a Tier III sex offender in the trial court. "This Court has held that, if a defendant fails to raise a constitutional argument at the trial level, he forfeits the right to argue it to this Court." *State v. Grad*, 9th Dist. Medina No. 15CA0014-M, 2016-Ohio-8388, ¶ 18; *see also State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, ¶ 2. Although Mr. Nofsinger could have still made a plain error argument on appeal, he has failed to do so. *See Grad* at ¶ 18; *see also Quarterman* at ¶ 2. This Court will not create a plain error argument on his behalf. *Grad* at ¶ 18. Since there is no evidence that Mr. Nofsinger's argument was ever before the trial court for determination, this Court declines to consider it for what the record indicates would be the first time on appeal. *State v. Schultz*, 9th Dist. Summit No. 26875, 2014-Ohio-1037, ¶ 2.

**{¶6}** Mr. Nofsinger's first assignment of error is overruled.

### III.

**{¶7}** Mr. Nofsinger's sole assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

3

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.


APPEARANCES:

DAVID C. KNOWLTON, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.