DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant Derrick E. Castleberry has appealed from his convictions in the Summit County Court of Common Pleas. This Court affirms.
 I {¶ 2} On March 16, 2005, the victim met Appellant, John Serva, Mark Dick, and Kenta Mingo at Scorcher's bar in Akron. After a short while, the victim and Serva left the bar so that she could purchase drugs from him. Serva told the victim that he kept his drugs at an empty restaurant, which the owner had leased to Appellant. Appellant and the others initially remained at Scorchers, but later went to meet Serva at the restaurant. *Page 2 
 {¶ 3} Before Appellant arrived, Serva raped the victim on an air mattress set up inside the restaurant. She went to the bathroom when he finished and emerged to find that Appellant, Dick, and Mingo had arrived. The victim testified that she was forced to perform oral sex on Appellant before he vaginally raped her. She also testified that she had to perform sexual acts for Dick and Mingo as well.
 {¶ 4} On March 18, 2005, the victim called the police to report the attack. On March 13, 2006, Appellant was indicted for rape pursuant to R.C. 2907.02(A)(2); kidnapping pursuant to R.C. 2905.01(A)(4); having a weapon under disability pursuant to R.C. 2923.13(A)(1)/(3); and carrying a concealed weapon pursuant to R.C. 2923.12(A)(2). Appellant pled guilty to both of the weapons charges and proceeded to trial on the rape and kidnapping charges. Serva, Dick, and Mingo were co-defendants in Appellant's case.
 {¶ 5} On June 19, 2006, the jury found Appellant guilty of rape and not guilty of kidnapping. Appellant was sentenced to a total of eight years in prison and adjudicated a sexually oriented offender.
 {¶ 6} On December 20, 2006, this Court dismissed Appellant's appeal for lack of jurisdiction because the trial court did not enter a finding of guilt as to Appellant's weapons charges pursuant to Crim.R.32(C). Subsequently, the trial court resentenced Appellant and included a finding of guilt in its journal entry. *Page 3 
Appellant's appeal is now properly before this Court. Appellant raises two assignments of error for review.
 II Assignment of Error One "THE PROSECUTOR'S COMMENTS DURING CLOSING ARGUMENT AMOUNTED TO PROSECUTORIAL MISCONDUCT WHICH PREJUDICIALLY AFFECTED APPELLANT'S] SUBSTANTIAL RIGHT TO A FAIR TRIAL."
 {¶ 7} Appellant argues that the prosecutor's comments during closing argument deprived him of a fair trial. We disagree.
 {¶ 8} "The test regarding prosecutorial misconduct in closing argument is whether the remarks were improper and, if so, whether they prejudicially affected the substantial rights of the defendant."State v. Smith (1984), 14 Ohio St.3d 13, 14. The prosecutor's conduct is not a ground for error unless it deprives the defendant of a fair trial.State v. Maurer (1984), 15 Ohio St.3d 239, 266. It is Appellant's burden to show that "but for the prosecutor's misconduct, the result of the proceeding would have been different." State v. Overholt, 9th Dist. No. 02CA0108-M, 2003-Ohio-3500, at ¶ 47.
 {¶ 9} During closing argument, the prosecutor remarked:
 "Do you really think — and use logic and common sense — is she going to go through the months and months of this, this process, reporting it to the police, talking about it with Detective McFarland repeatedly, looking at photo arrays, going to the SANE Unit, having this examination done from head to toe, internally, swabs taken, fingernail cuttings taken, it was an hours' long process, and then to *Page 4 
come in here and literally be raped by the defense attorneys on that stand again?"
All four defense attorneys immediately objected to the prosecutor's remark, and the trial judge sustained the objections. After the jury had retired for deliberations, the prosecutor told the judge that she believed her comment was warranted by the defense counsels' cross-examinations. Appellant contends that the prosecutor's remark and her later explanation were egregious, constituted prosecutorial misconduct, and prejudicially affected Appellant's case.
 {¶ 10} Improper remarks will not result in prejudice to Appellant if it is clear beyond a reasonable doubt that, absent the remarks, the jury would have found Appellant guilty. State v. Davidson (June 20, 1990), 9th Dist. No. 89CA004641, at *2, citing Smith, 14 Ohio St.3d at 15. We have reviewed the record and find that the jury would have reached the same verdict even without the prosecutor's remarks. As is further set forth in Appellant's second assignment of error, the State presented overwhelming evidence of Appellant's guilt. The Bureau of Criminal Investigation ("BCI") found Appellant's sperm on the victim's clothing in several places. Before being confronted with this evidence, Appellant lied to the police and told officers that he did not even know the victim. Appellant told several different versions of the event, each time minimizing his role and denying responsibility for any injury to the victim. However, the victim's testimony never wavered, and the DNA evidence supported her accusations *Page 5 
against Appellant. In light of all of the State's evidence, we cannot conclude that the jury's verdict was a result of the prosecutor's remarks.
 {¶ 11} Moreover, the remark at issue was a single incident, not part of a pattern, and the prosecutor's subsequent explanation of the remark took place outside the presence of the jury. The trial court sustained the objection to the remark, and the State refrained from making any further comments of that sort. In light of the overwhelming evidence of guilt in this case, we find that Appellant has not met his burden with regard to prejudice. See Overholt, at ¶ 47. Appellant's first assignment of error is overruled.
 Assignment of Error Two "APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND BASED ON INSUFFICIENT EVIDENCE."
 {¶ 12} Appellant argues that his convictions were against the manifest weight of the evidence and were not supported by sufficient evidence. We disagree.
 {¶ 13} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Id., citing State v. Thompkins (1997), *Page 6 78 Ohio St.3d 380, 390 (Cook, J., concurring). In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v. Jenks (1991), 61 Ohio St.3d 259, 279. Furthermore:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus; see, also, Thompkins, 78 Ohio St.3d at 386.
 {¶ 14} In State v. Roberts, this Court explained that "sufficiency is required to take a case to the jury[.] * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *2. (Emphasis omitted). Accordingly, we address Appellant's challenge to the weight of the evidence first, as it is dispositive of his claim of sufficiency.
 {¶ 15} In determining whether a conviction is against the manifest weight of the evidence an appellate court:
 "[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340. *Page 7 
A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175; see, also, Otten, 33 Ohio App.3d at 340.
 {¶ 16} Appellant argues that the jury clearly lost its way because it returned inconsistent verdicts. Specifically, he argues that: (1) the jury verdicts were inconsistent among the co-defendants, and (2) the jury could not have acquitted him of kidnapping and found him guilty of rape because both crimes require a threat or the use of force in the commission of the crime.
Co-defendants Verdicts {¶ 17} There is no constitutional requirement that verdicts between co-defendants be consistent. In the Matter of Herring (Aug. 4, 1996), 9th Dist. No. 17646, at *3. Regardless of any inconsistency, a guilty verdict will stand "so long [as] it is supported by sufficient evidence and is the product of a fair trial." Id. At the close of Appellant's trial, the jury entered the following verdicts. Appellant was found guilty of rape, but not guilty of kidnapping. Dick and Mingo were *Page 8 
found not guilty of both rape and kidnapping. Serva was found guilty of both rape and kidnapping. Serva appealed his convictions on the basis of manifest weight, but this Court affirmed both convictions. State v.Serva, 9th Dist. No. 23323, 2007-Ohio-3060. From our review of the record, we find no error.
 {¶ 18} The victim testified that Appellant forced her to perform oral sex and had intercourse with her. She testified that he ejaculated on her vest during this encounter. Chad Britton, a forensic biologist with BCI, told the jury that he performed a presumptive test on the victim's vest and found seven stains, all of which tested positive for the presence of semen. Lynda Eveleth, a serologist with BCI, confirmed that the sperm found on the victim's clothes, including her vest, matched Appellant's DNA. Over the course of investigation, Appellant denied knowing the victim, admitted to knowing her but denied having sex with her, said that his DNA must have been transferred to her when she shared his "blunt," said that more DNA must have been transferred to her when she laid down on the air mattress because he had previously had sex on it, and finally admitted that the victim gave him oral sex but denied that he forced her to do so. Given all the evidence, we do not believe the jury lost its way in convicting Appellant of rape. SeeOtten, 33 Ohio App.3d at 340. Appellant's argument is without merit.
Rape and Kidnapping Verdicts {¶ 19} A defendant cannot be convicted of two separate offenses if they are "allied offenses of similar import." R.C. 2941.25(A). "Kidnapping, as defined by *Page 9 
R.C. 2905.01(A)(4), is an `offense of similar import' to rape, as defined by R.C. 2907.02(A)(1), for purposes of application of R.C. 2941.25(A)." State v. Donald (1979), 57 Ohio St.2d 73, paragraph one of the syllabus. However, a defendant can be convicted of both kidnapping and rape, "if he committed them separately, or if he possessed a separate `animus' as to each." State v. Logan (1979), 60 Ohio St.2d 126,129; R.C. 2941.25(B). The test is "whether the restraint or movement of the victim is merely incidental to a separate underlying crime or, instead, whether it has a significance independent of the other offense." Logan, 60 Ohio St.2d at 135. "[Prolonged movement, secretive confinement, or substantial movement of the victim are facts that establish a separate animus to kidnapping." State v. Foust,105 Ohio St.3d 137, 2004-Ohio-7006, at ¶ 141.
 {¶ 20} The record reflects that Serva led the victim into the restaurant where the rapes took place. When Appellant arrived a short time later, Serva had already raped her on the air mattress. Appellant did not bring the victim to the restaurant or otherwise substantially move her. Accordingly, under these facts, the jury could reasonably have found that Appellant committed rape, but not kidnapping. We cannot conclude that the jury lost its way or created a manifest miscarriage of justice. See Otten, 33 Ohio App.3d at 340. Having disposed of Appellant's challenge to the weight of the evidence, we similarly dispose of his sufficiency challenge. See Roberts, supra, at *2. Appellant's assignment of error is overruled. *Page 10 
 III {¶ 21} Appellant's two assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellant. *Page 11 
 CARR, J. DICKINSON, J. CONCUR.
 *Page 1