[Cite as *State v. Kilgore*, 2023-Ohio-1786.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

ERIC KILGORE

    Appellant

C.A. No.    21CA011826

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    21CR103811

DECISION AND JOURNAL ENTRY

Dated: May 30, 2023

SUTTON, Presiding Judge.

{¶1}　Defendant-Appellant, Eric Kilgore, appeals the judgment of the Lorain County Court of Common Pleas.　For the following reasons, this Court affirms.

I.

**Relevant Background**

{¶2}　This appeal arises from an incident on September 13, 2020, where Mr. Kilgore, and co-defendant Iyaisha Palos-Grantham, robbed and assaulted the victim with a firearm at Ms. Palos-Grantham's residence.　Mr. Kilgore was indicted on one count of aggravated robbery, in violation of R.C. 2911.01, a felony of the first degree, with one and three year firearm specifications; one count of kidnapping, in violation of R.C. 2905.01, a felony of the first degree, with one and three year firearm specifications; one count of felonious assault, in violation of R.C. 2903.11, a felony of the second degree, with one and three year firearm specifications; and one count of intimidation, in violation of R.C. 2921.04, a felony of the third degree, with one and three year firearm

specifications. Ms. Palos-Grantham was also indicted for the offenses of aggravated robbery, kidnapping, and felonious assault with firearm specifications. Ms. Palos-Grantham, however, was not indicted for intimidation.

{¶3} On the State's motion, the cases were consolidated for purposes of a jury trial. Mr. Kilgore and Ms. Palos-Grantham both waived their rights to a jury trial in writing and in open court and were represented by the same attorney. A two-day bench trial commenced, and Mr. Kilgore was found guilty of aggravated robbery, felonious assault, and one-year/three-year firearm specifications on both counts. Ms. Palos-Grantham was found guilty of aggravated robbery with no firearm specifications.

{¶4} At sentencing, the trial court merged aggravated robbery and felonious assault, as well as the firearm specifications thereto, as allied offenses of similar import. The State elected that Mr. Kilgore be sentenced on aggravated robbery and its firearm specifications. Further, the trial court merged the one-year/three-year firearm specifications to aggravated robbery and elected to sentence Mr. Kilgore on the three-year firearm specification. Mr. Kilgore was sentenced to a mandatory three-year term of imprisonment on the firearm specification and to three years of community control sanctions with a reserved indefinite prison term of eleven years minimum to sixteen and a half years maximum on the aggravated robbery.

{¶5} Mr. Kilgore now appeals raising four assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

**THE VERDICT AS TO THE GUN SPECIFICATION IS AGAINST THE SUFFICIENCY OF THE EVIDENCE AND SHOULD BE REVERSED BECAUSE IT VIOLATES THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE 1, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO.**

{¶6} In his first assignment of error, Mr. Kilgore argues his conviction for the firearm specification is not supported by sufficient evidence. Specifically, because the firearm was never located, Mr. Kilgore argues the State did not produce sufficient evidence to prove he brandished and used a firearm in the commission of aggravated robbery and the firearm was operable.

{¶7} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009-Ohio-6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id*.

{¶8} Mr. Kilgore was convicted of aggravated robbery pursuant to R.C. 2911.01(A)(1), which states, in part, that "[n]o person, in attempting or committing a theft offense * * *, or in fleeing immediately after the attempt or offense, shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it * * *." Mr. Kilgore was also convicted of two firearm specifications pursuant R.C. 2941.145 for "[having] a firearm on or about [his] person or under [his] control while committing the offense and display[ing] the firearm, brandish[ing] the firearm, indicat[ing] that [he] possessed the firearm, or us[ing] it to facilitate the offense." Because

Mr. Kilgore only challenges whether the State presented sufficient evidence to prove the operability of the firearm, we will limit our analysis accordingly.

{¶9}    "In determining whether a firearm is operable, the trier of fact examines the totality of the circumstances." *State v. Johnson*, 9th Dist. Lorain No. 14CA010688, 2016-Ohio-872, ¶ 8. "Proof of the operability of a firearm can be established by circumstantial evidence, which can consist of the brandishing of a firearm by the defendant and an implicit threat to shoot it." *State v. Clayton*, 9th Dist. Summit No. 26910, 2014-Ohio-2165, ¶ 8; *see also* R.C. 2923.11(B)(2). "[W]itness testimony that the defendant was holding a gun while committing a robbery create[s] an implicit threat to shoot and [is] sufficient proof of operability." *Id*. at ¶ 13.

{¶10}  Here, even though the firearm was never recovered, the evidence provided by the State, if believed, sufficiently established Mr. Kilgore brandished and used a firearm in the commission of aggravated robbery and the firearm was operable.  At trial, the victim testified:

* * *

I seen somebody with a gun.  That's when I first got pistol whipped.  I went down.
I was held at gunpoint.

* * *

Additionally, the victim testified Mr. Kilgore hit him with a black gun two or three times on the side of his face, temple area.  The victim further testified he was laying on his stomach with his forehead on the carpet and Mr. Kilgore pressed the gun to the back of his head while Ms. Palos-Grantham obtained the passwords for his cellphone and Chase banking mobile app.  According to the victim, after Ms. Palos-Grantham transferred the money to her own account, Ms. Palos-Grantham and Mr. Kilgore "talked about possibly killing [him]," but decided instead to take him downstairs and have him lie face down in the grass behind the apartment.  Mr. Kilgore also took

the victim's driver's license and told him if he tries to "retaliate or do anything, he'll come to Toledo and kill [him]."

{¶11}  Deputy Matt Schilke testified the victim had some swelling and a "knot" from his eye bone going toward his ear along his temple.  The victim's injuries were photographed and Deputy Schilke testified the injuries are consistent with being struck in the head with a firearm.

{¶12}  Upon viewing the evidence in a light most favorable to the State, we conclude a rational trier of fact could have found beyond a reasonable doubt Mr. Kilgore used and brandished a firearm in the commission of aggravated robbery and the firearm was operable.

{¶13}  Accordingly, Mr. Kilgore's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

**THE TRIAL COURT'S VERDICT SHOULD BE SET ASIDE AS AN IMPERMISSIBLE INCONSISTENT BENCH TRIAL VERDICT.**

{¶14}  In his second assignment of error, Mr. Kilgore argues the trial court's verdict should be set aside as an impermissible inconsistent bench trial verdict.  Specifically, Mr. Kilgore argues the verdicts are inconsistent because Ms. Palos-Grantham, his co-defendant, was convicted of aggravated robbery with no firearm specifications, and he was convicted of aggravated robbery, felonious assault, and firearm specifications.  Mr. Kilgore, in making this argument, urges this Court to adopt the Second Circuit Court of Appeal's reasoning in *U.S. v. Maybury*, 274 F.2d 899 (2d Cir. 1960), and "hold trial courts to a standard higher than that of juries," when inconsistent verdicts are rendered in a bench trial.

{¶15}  In *Maybury* at 901, the Second Circuit Court of Appeals rejected the State's argument, on facts specific to *Maybury*, that the rule upholding jury verdicts in criminal cases, despite inconsistencies between counts, applied to criminal cases tried to a judge.  In so doing, the Second Circuit Court of Appeals reversed Mr. Maybury's conviction for uttering or publishing of

a forged check with intent to defraud the United States, "knowing the same to be forged[,]" which it determined was inconsistent with the trial court's acquittal of Mr. Maybury's forgery charge. *Id.* Notably, the *Maybury* Court did not address Mr. Kilgore's specific argument, in this assignment of error, which relates to "inconsistent" verdicts between *co-defendants*, and not inconsistencies between counts for the *same* defendant.

{¶16} Moreover, "[t]here is no constitutional requirement that verdicts between codefendants be consistent. *State v. Castleberry*, 9th Dist. Summit No. 23644, 2007-Ohio-5803, ¶ 17, citing *In the Matter of Herring*, 9th Dist. Summit No. 17646, * 3 (Aug. 4, 1996). "Regardless of any inconsistency, a guilty verdict will stand 'so long [as] it is supported by sufficient evidence and is the product of a fair trial.'" *Id.*

{¶17} Accordingly, Mr. Kilgore's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

**THE TRIAL COURT WAS WITHOUT JURISDICTION TO CONDUCT A BENCH TRIAL, BECAUSE THE JURY WAIVER IN THE CASE AT BAR WAS NOT EXECUTED IN STRICT COMPLIANCE WITH STATUTORY REQUIREMENTS.**

{¶18} In his third assignment of error, Mr. Kilgore argues the trial court committed plain error by holding a bench trial in the absence of a valid jury waiver. Specifically, Mr. Kilgore argues, because the jury waiver was not filed with the Clerk of Courts prior to the bench trial commencing, the trial court was without jurisdiction to conduct a bench trial.

{¶19} R.C. 2945.05 states:

In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: "I [Mr. Kilgore], defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by

a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury."

Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.

"[T]o be valid, a waiver must meet five conditions. It must be: (1) in writing, (2) signed  by the defendant, (3) filed, (4) made part of the record, and (5) made in open court." *State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, ¶ 9.

**{¶20}**  Here, the record reveals Mr. Kilgore signed a written jury waiver, and made a jury waiver in open court, in compliance with the requirements set forth in R.C. 2945.05.  The written jury waiver was then filed with the Clerk of Courts on September 1, 2021, after the bench trial concluded, and was made a part of the record.  Mr. Kilgore concedes these points, yet still challenges the trial court's jurisdiction because the jury waiver was not filed, prior to the commencement of trial, with the Clerk of Courts.

**{¶21}**  In *State v. Franklin*, 8th Dist. Cuyahoga No. 81426, 2003-Ohio-2649, ¶ 15-16, the Eighth District Court of Appeals addressed Mr. Kilgore's exact argument, stating:

> strict compliance with R.C. 2945.05 is met upon filing the jury waiver; there is no rule pertaining to when the filing must occur. *State v. McKinney*, Cuyahoga App. No. 80991, 2002-Ohio-7249, citing *State v. Sekera*, Cuyahoga App. No. 80690, 2002-Ohio-5972. Thus, as this court stated in *State v. Antonic* (Nov. 22, 2000), Cuyahoga App. No. 77678:
>
> "R.C. 2945.05 only requires that the waiver occur before trial and that the waiver is filed, time-stamped and contained in the record. *See State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766; *State v. Gipson* (1998), 80 Ohio St.3d 626, 687 N.E.2d 750. *There is no requirement that the waiver be filed and placed in the record before trial.*" *See State v. Jones* (Feb. 5, 1999), Hamilton App. No. C-980270." (Emphasis added.)
>
> Similarly, in *Sekera, supra*, this court stated, "According to *Pless*, strict compliance with R.C. 2945.05 is met upon the filing of the waiver; *Pless* makes no rule pertaining to when the filing occurs. * * * The fact that the waiver was not journalized until after the trial concluded is not fatal."

(Emphasis in original.)

{¶22} We agree with our sister district's reasoning because R.C. 2945.05 does not require the signed jury waiver to be filed and made part of the record *prior* to the commencement of a bench trial. Further, Mr. Kilgore's jury waiver was signed and occurred in open court prior to the commencement of the bench trial and was then filed with the clerk of courts and made part of the record after the conclusion of the bench trial. Therefore, based upon the plain language of the statute, Mr. Kilgore's jury waiver strictly complied with the requirements of R.C. 2945.05, and the trial court had jurisdiction to conduct a bench trial in this matter.

{¶23} Accordingly, Mr. Kilgore's third assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

**MR. KILGORE WAS DEPRIVED OF HIS RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSEL'S AND THE COURT'S FAILURE TO FAIRLY AND ADEQUATELY PROTECT HIS INTEREST DUE TO COUNSEL'S CONFLICTS IN REPRESENTATION OF MULTIPLE CO-DEFENDANTS IN CONTRAVENTION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE ONE, SECTION TEN OF THE OHIO CONSTITUTION.**

{¶24} In his fourth assignment of error, Mr. Kilgore argues he was denied the effective assistance of counsel because he and his co-defendant, Ms. Palos-Grantham, were represented by the same retained attorney during the bench trial.

{¶25} "The Sixth Amendment right to assistance of counsel embraces the correlative right to representation that is free from conflicts of interest." *State v. Worrell*, 9th Dist. Summit Nos. 23378, 23409, 2007-Ohio-7058, ¶ 23. "[W]here a trial court knows or reasonably should know of an attorney's possible conflict of interest in the representation of a person charged with a crime, the trial court has an affirmative duty to inquire whether a conflict of interest actually exists." *Id*.

at ¶ 25, quoting *State v. Gillard*, 64 Ohio St.3d 304, 311 (1992). "Where a trial court breaches its affirmative duty to inquire, a criminal defendant's rights to counsel and to a fair trial are impermissibly imperiled and prejudice or adverse effect will be presumed." (Internal quotations and citations omitted.) *Worrell* at ¶ 25.

**{¶26}** On April 16, 2021, fifteen days prior to the start of the bench trial, the trial court addressed the parties regarding joint representation. At that time, the trial court separately inquired of counsel, Mr. Kilgore, and Ms. Palos-Grantham regarding any potential conflicts and whether the co-defendants' interests were aligned with each other. Counsel indicated that, after reviewing discovery, he did not know of any reason a conflict would arise between the co-defendants' interests at trial. Further, the trial court separately asked Mr. Kilgore and Ms. Palos-Grantham a series of questions regarding their legal rights, as well as the dangers and pitfalls of joint representation. The co-defendants responded they understood their rights to have separate counsel, and also understood the dangers and pitfalls of joint representation. As such, the trial court found Mr. Kilgore and Ms. Palos-Grantham "knowingly and intelligently and voluntarily enter[ed] into joint representation[.]" The State noted its objection to joint representation on the record due to the risk of unforeseen conflict and the inability for the State to negotiate a plea deal with either Mr. Kilgore or Ms. Palos-Grantham. The trial court also advised Mr. Kilgore and Ms. Palos-Grantham that, at any time in the future, they could hire their own counsel. Given the foregoing, we cannot say the trial court failed to adequately investigate any potential conflict. *See Worrell* at ¶ 26. At no time at trial did Mr. Kilgore object to joint representation.

**{¶27}** "'In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance.'" *Worrell*, 2007-Ohio-7058, at ¶ 23, quoting *Cuyler v. Sullivan*, 446 U.S.

335, 348 (1980). "To establish the constitutional predicate for a claim of ineffective assistance of counsel, a defendant must show that his counsel actively represented conflicting interests. A defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief." (Internal citation omitted.) *Worrell* at ¶ 23.

{¶28} As this Court previously stated:

[a]n actual conflict of interest, for purposes of the Sixth Amendment, is a conflict of interest that adversely affects counsel's performance. Thus, to prove an actual conflict of interest, the defendant must show that his counsel actively represented conflicting interests, and that the conflict actually affected the adequacy of his representation. In order to show such a conflict, a defendant must point to specific instances in the record to suggest an actual conflict or impairment of [his] interests. An adverse effect is established where the defendant points to some plausible alternative defense strategy or tactic [that] could have been pursued, but was not because of the actual conflict impairing counsel's performance. While it is not necessary to prove that the defense theory would have been successful, it is necessary to show that the alternative theory was viable. Additionally, an appellant must establish that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests.

(Internal quotations and citations omitted.) *State v. Jackson*, 9th Dist. Summit No. 27478, 2015-Ohio-4356, ¶ 13.

{¶29} Here, Mr. Kilgore generally argued "[c]ounsel's theory of the case [that Ms. Palos-Grantham was in a relationship with both Mr. Kilgore and victim and a fist fight broke out between the two men] explicitly [hurt] Mr. Kilgore." However, Mr. Kilgore has not pointed to any plausible defense strategy or tactic that could have been pursued by counsel but was not pursued due to an actual conflict impairing counsel's performance. *See Jackson* at ¶ 13. Therefore, Mr. Kilgore failed to show an actual conflict that adversely affected his counsel's performance.

{¶30} Accordingly, Mr. Kilgore's fourth assignment of error is overruled.

III.

**{¶31}** Mr. Kilgore's four assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

———

BETTY SUTTON
FOR THE COURT

HENSAL, J.
STEVENSON, J.
CONCUR,

APPEARANCES:

GIOVANNA V. BREMKE, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.